**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED | : | |
| TRADES INDUSTRY PENSION FUND, | : | |
| PAINTERS AND ALLIED TRADES LABOR | : | |
| MANAGEMENT COOPERATION INITIATIVE, and | : | |
| TIM D. MAITLAND, in his official capacity as | : | |
| a fiduciary, | : | |
| 7234 Parkway Drive | : | |
| Hanover, MD 21076 | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| BRIAN ASHCRAFT | : | |
| d/b/a EASTERN SOLAR GLASS, INC. | : | |
| 7 Peter Hurd Way | : | |
| Marlton, NJ 08053 | : | |
| Defendant. | : | |

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain as follows:

**JURISDICTION**

1.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made

under federal statutes or federal common law, but the supplemental jurisdiction of the Court

under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2.      A copy of this Complaint is being served on the Secretary of Labor and the

Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §

1132(h).

## VENUE

3.      Venue lies in the District of Maryland under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff International Painters and Allied Trades Industry Pension Fund ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan")."

5.      The Pension Plan is a "multiemployer plan," "employee benefit plan," and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Pension Plan is also known as and referenced as the "I.U.P.A.T. Union and Industry Pension Fund" and "Pension Fund" in the Labor Agreements relating to this complaint.

6.      Plaintiff, Tim D. Maitland ("Maitland") is a fiduciary of the Funds within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Funds and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Fund and the Funds as organizations.

7.      The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. § 186(c)(9).

8.     The Pension Fund and Maitland are authorized collection fiduciary(ies) and agent(s) for the Pension Plan and LMCI.

9.     The Pension Fund and Maitland, in their capacity as authorized collection fiduciary(ies) and agent(s), sue on behalf of the Pension Plan and LMCI.

10.     The Pension Fund and, as allowed by law, LMCI, are jointly or severally referenced as "Funds." The Funds and Maitland are hereinafter jointly or severally referenced as "Plaintiffs."

11.     Defendant Brian Ashcraft ("Ashcraft") d/b/a Eastern Solar Glass, Inc., operates Eastern Solar Glass, Inc., and/or Eastern Solar Glass, LLC (jointly or individually, "Eastern Solar Glass" or "Company") with a business or residential address as listed in the caption.

(a)     Based upon publicly available information from the State of New Jersey Division of Revenue and Enterprise Services, Eastern Solar Glass, Inc., was a New Jersey corporation until it was dissolved on December 31, 2003; and Eastern Solar Glass, LLC, was a New Jersey limited liability company until it was cancelled on January 30, 2013. Neither Eastern Solar Glass, Inc., nor Eastern Solar Glass, LLC, are currently active, registered businesses in New Jersey.

(b)     Based upon publicly available information, Ashcraft is operating Eastern Solar Glass as an unincorporated entity.

(c)     Eastern Solar Glass is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at 1008 Industrial Drive, Suite C, West Berlin, NJ, 08091.

## COMMON FACTS

12.     At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union"). A true and correct copy of the Labor Contract is attached as Exhibit 1.

13.     The Company also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds.  A true and correct copy of the Trust Agreement for the Fund is attached as Exhibit 2. True and correct copies of the cover page, table of contents, §§ 3.08, 10.07, 10.08, and 10.11 and signature page of the Pension Plan are attached as Exhibit 3.

14.     Under the Labor Contracts, Trust Agreement, plan documents of the ERISA Funds or other documents, the Company agreed:

(a)     To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement and plan documents. Ex. 2, p.15 (Art. VI, §2); Ex. 3, §10.07.

(b)     To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. Ex. 2, pp.15-16 (Art. VI, §§3, 5).

(c)      To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan. Ex. 2, pp.16-17 (Art. VI, § 6).

(d)      To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 2, pp. 16-17 (Art. VI, §§4, 6); Ex. 3, §§10.07, 10.11.

15.      Plaintiffs' auditors performed an audit of Company's financial and business records for the period of January 2014 through December 2016 pursuant to the terms of the Labor Contract and above referenced Trust and plan documents. The audit revealed delinquent contributions owed to the Funds.

16.      All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

**PENSION FUND**
**v.**
**DEFENDANT**

17.      The allegations of Paragraph 1 through 16 are incorporated by reference as if fully restated.

18.      Based on information currently available to the Pension Fund, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements, and Plan from January 1 2014, through December 31, 2016, in at least the sum of $21,216.74 in violation of 29 U.S.C. § 1145, as detailed on the attached Exhibit 4.

19.     The Pension Fund adversely affected and damaged by the Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against Defendants in favor of the Plaintiffs, for the benefit of the Pension Fund, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Pension Fund or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the Pension Fund, and 29 U.S.C. § 1132(g)(2).

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

**PLAINTIFFS**
**v.**
**DEFENDANT**

20.     The allegations of Paragraphs 1 through 19 are incorporated by reference as if fully restated.

21.     The Company has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the Pension Fund.

22.     Based on information currently available to the Plaintiffs, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from January 1, 2014, through December 31, 2016, in at least the sum of $21,495.07, as detailed on the attached Ex. 4.

23.     Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

**JENNINGS SIGMOND, P.C.**

/s/ Judith Sznyter

Date: 10/10/2018     JUDITH SZNYTER (Bar No. 29743)
MAUREEN W. MARRA*
1835 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: (215) 351-0641
Fax: (215) 922-3524
jsznyter@jslex.com/dmd_erisa@jslex.com

*Attorneys for Plaintiffs*

*Application for admission *Pro Hac* will be submitted at the appropriate time.